IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 06-01380-TUC-CKJ (HCE) |
| ) | |
| Plaintiff, ) | **REPORT & RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| ANTONIO GARCIA-BRAVO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Defendant Antonio Garcia-Bravo, who is charged in an Indictment with Illegal Re-Entry After Deportation in violation of 8 U.S.C. §1326(b)(2), filed a Motion to Dismiss Indictment alleging procedural defects in his underlying removal order in that the immigration judge (hereinafter "IJ") failed to advise him of Immigration and Nationality Act (hereinafter "INA") section 212(c) eligibility. The motion came on for hearing on August 6, 2007.

For the reasons stated herein, the Magistrate Judge recommends that the District Court deny Defendant's Motion to Dismiss Indictment.

I. FACTUAL BACKGROUND:

Defendant is a 38 year old citizen of the Republic of Mexico who entered the United States on September 30, 1968, as a lawful permanent resident. On August 7, 1991, Defendant was convicted in the Phoenix Municipal Court of shoplifting in violation of A.R.S. §13-1805 and incarcerated for seven days. On August 11, 1992, Defendant was convicted in Maricopa County Superior Court of Attempted Third Degree Burglary in

violation of A.R.S. §§13-1501, 13-1506, 13-1001, 13-701, 13-702, 13-801 and 13-812 and was placed on probation. On June 21, 1994, Defendant was found to have violated the conditions of his probation and was sentenced to two years of incarceration. On May 15, 1997, Defendant was convicted in the Phoenix, Municipal Court of shoplifting in violation of A.R.S. §13-1805.[1]

Based on Defendant's Attempted Third Degree Burglary, removal proceedings were commenced against Defendant and held before an IJ on July 1, 8 and 22, 1997. On July 22, 1997, the IJ ordered Defendant removed to the Republic of Mexico and advised him of his right to appeal:

> Q. Okay. The officer will give you the appeals packet there. The address of the Appeals Court is on the front page, Mr. Bravo. And, here's what you need to make sure you understand. You need to get it up there no later than August 21. That doesn't mean send it from here that day. That means they've got to have it. Otherwise, they'll send it back. I've got an appeal, it came back today. The guy had-- came in two days late. And, they said, too late. So, if you want to appeal, make sure you get it up there timely. Okay?
>
> A. (By Defendant) All right.[2]

(Defendant's Motion to Dismiss, Ex. 3, p. 24)

On July 22, 1997, the IJ after ordering Defendant's removal stated:

> Q. Yeah, I don't see that you have the relief. If you had something to apply for, I would give you the chance to apply. But I don't see anything. I can't tell you what your chances are because I'm not a book maker. But I think [my] decision is a solid decision. But if you think it's in error, you could appeal....

(Id. at p. 23)

Defendant was allegedly denied admission, excluded, deported, and removed from the United States on February 9, 1998, through Nogales, Arizona and again on May 18, 2006 through Nogales, Arizona. Defendant was arrested on July 15, 2006 at the Nogales, Arizona

---

[1] Defendant admitted to all of the crimes referenced above at his deportation hearing on July 8, 1997.

[2] Defendant attempted to appeal the IJ's order but it was received by the Appeals Court on August 25, 1997 and Defendant's appeal was denied as untimely.

- 2 -

Port of Entry attempting to enter the United States by making a false claim to United States citizenship resulting in his present indictment for Illegal Re-Entry After Deportation in violation of 8 U.S.C. §1326(b)(2).

The Government agrees with Defendant that the IJ should have advised Defendant of section 212(c) relief but that Defendant, although eligible, does not qualify for such.

II.  ANALYSIS:

A defendant accused of illegal re-entry after deportation may attack the underlying deportation order:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

The underlying order of deportation is "fundamentally unfair" if (1) a defendant's due process rights were violated by defects in his underlying deportation process, and (2) he suffered prejudice as a result of the defects. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004). The Government concedes that Defendant should have been but was not advised of eligibility for relief under section 212(c). (Government's Response, p. 4) An alien should be advised of his eligibility for waiver of removal under section 212(c) of the INA. Ubaldo-Figueroa, 364 F.3d at 1048-49; see also United States v. Pallares-Galan, 359 F.3d 1088, 1099 (9th Cir. 2004) ("As we have previously made clear, the requirement that an IJ inform an alien of his ability to apply for relief from removal is mandatory...and failure to so inform him serves to deprive him of his right to an administrative appeal and to judicial review.")  Thus, Defendant has met the first prong.

However, as the Government points out, Defendant cannot prevail unless he also establishes prejudice.  To establish prejudice a defendant does not have to show that he actually would have been granted relief.  He must only show that he had a plausible ground

- 3 -

1 for relief from deportation. United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000);
2 United States v. Leon-Leon, 35 F.3d 1428, 1432 (9th Cir. 1994); United States v. Proa-Tovar,
3 975 F.2d 592, 595-96 (9th Cir. 1992) (en banc).

4       To be statutorily eligible for section 212(c) relief, an alien 1) must be a lawful
5 permanent resident; 2) must have maintained an unrelinquished domicile of at least seven
6 years; and 3) the basis of the waiver in deportation must be based on a comparable ground
7 of waiver in exclusion. INS v. St. Cyr, 533 U.S. 289 (2001). In addition, an alien must
8 receive a favorable exercise of discretion. In Re Marin, 16 I&N Dec. 581(BIA 1978), as
9 modified by In Re Edwards, 20 I&N Dec. 191 (BIA 1991).  Thus by showing eligibility for
10 section 212(c) relief and having been denied due process by failure to be advised of such
11 relief, a defendant must then establish prejudice by demonstrating the existence of positive
12 equities that weigh in favor of his claim for discretionary relief. Pallares-Galan, 359 F.3d at
13 1104 (remanding for the district court to consider whether the defendant "has shown that it
14 is plausible that the positive equities in his favor, when cumulatively considered, could
15 outweigh the negative ones associated with his criminal conduct.") Factors for consideration
16 include: gainful employment and employer's high regard for a defendant's work ethic,
17 substantial family ties such as U.S. Citizen spouse and/or children, defendant's role in
18 children's upbringing, see Ubaldo-Figueroa, 364 F.3d at 1051-1052; residence of long
19 duration, paying taxes and not under public assistance, value and service to the community,
20 property ties, see Pallares-Galan, 359 F.3d at 1104; Pablo v. INS, 72 F.3d 110, 113 (9th Cir.
21 1992); or rehabilitation, see In Re Marin, 16 I&N Dec. at 196.

22       Defendant has proffered no equitable grounds as described above to demonstrate
23 plausible grounds available to him to establish prejudice as a result of the IJ's failure to
24 advise him of eligibility for section 212(c) relief. Proa-Tovar, 975 F.2d at 595-96
25 ("...[defendant] did not show that he suffered even the *possibility* of prejudice.") (emphasis
26 added).

27
28

III.  CONCLUSION:

The burden of establishing prejudice lies with Defendant and he has failed to meet this burden.  United States v. Gonzalez-Valerio, 342 F.3d 1051, 1056 (9th Cir. 2003).  For the above-stated reason the undersigned Magistrate Judge recommends that the District Court deny Defendant's Motion to Dismiss (Doc. No. 19).

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  If objections are filed, the parties should use the following case number: **CR 06-1380-TUC-CKJ.**

Failure to file objections in accordance with Fed.R.Cr.P. 59 will result in waiver of the right to review.

DATED this 14th day of August, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge